**CALHOUN et al. v. THE MACCABEES.**
(No. 291–3553.)

(Commission of Appeals of Texas, Section B. June 21, 1922.)

Insurance  ⊜⊐755(3)—Benefit association accepting normal assessments waived forfeiture for failure to pay war assessments.

Where a fraternal benefit association levied a war assessment on every member to pay the increased loss resulting from the death of members in military service, the acceptance of the normal monthly assessments from a certificate holder engaged in military service operated as a waiver or estoppel to assert forfeiture, though defendant had no notice that the certificate holder was engaged in war service.

Error to Court of Civil Appeals of First Supreme Judicial District.

On motion for rehearing. Former opinion affirmed.

For former opinion, see 241 S. W. 101.

McCLENDON, P. J. Defendant in error has filed a motion for rehearing in which it concedes that the principles of law announced by the Commission are correct, and that the conclusions of the Commission would also be correct if Boyle had met his death from natural causes. It is urged, however, that in the absence of knowledge or notice to defendant or its authorized agents of the fact that Boyle had engaged in the military service of the United States, there could be no waiver or estoppel as a result of accepting normal monthly assessments after forfeiture had accrued by reason of default in payment of war assessments.

This proposition would be correct if these war assessments had been levied only upon those members of the order who engaged in military service, as is usually the case in regard to special assessments levied to cover the increased risk of engaging in extrahazardous occupations. But, as pointed out in

---

our original opinion, the trial court found that—

The defendant "some time during the year 1917 levied a per capita tax of $1 per annum *on each and every member* to pay the increased losses resulting from the death of members of said order engaged in the military service of the United States." (Italics ours).

The trial court also found:

"That the Supreme Tent created a fund to cover the increased losses by virtue of the late war; that it recognized its duty to its members engaged in the military service, and created a special fund to pay such claims, and that said fund was derived from the annual assessments of $1 per annum as above mentioned as having been levied on each member, and that a number of death claims have been paid out of said funds."

Under this state of facts. the issue of knowledge or notice of Boyle's engaging in the war became a wholly irrelevant and immaterial matter. His certificate was in no way affected by his military service. He was insured whether he died in such service or remained in civil life. There was no requirement that he give defendant notice of entering the army, and no duty rested upon him to do so. His assessments, including the special war assessment, were the same in either event, and failure to pay any assessment had no different consequences attaching to it in the one case from what it would have in the other. The war assessments being levied upon all alike whether in or out of the army, in either instance the same duty rested upon all agents of defendant touching the matter of what assessments to require from each member. Such agents had no more power to waive payment of the war assessment due from those in civil life than from those in army service. And it would follow that acceptance of the normal monthly assessments after accrual of a forfeiture of the certificate by reason of nonpayment of a war assessment would operate as a waiver of or estoppel to assert such forfeiture, regardless of whether defendant had knowledge or notice of the certificate holder being engaged in war.

It is our conclusion that the motion should be overruled.